UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

United States of America and the State of Florida *ex rel.* Thomas Bingham,

        Plaintiffs,

   v.

HCA, Inc.,

        Defendant.

Civil Action No.: 13-23671-Civ-COOKE

### DEFENDANT HCA, INC.'S MOTION FOR SUMMARY DENIAL OF RELATOR'S MOTION TO STRIKE THE AFFIDAVIT OF HCA EXPERT KEVIN MCANANEY AND TO EXCLUDE IT FROM THE EVIDENCE IN THIS CASE AND REQUEST FOR EXPEDITED CONSIDERATION

Defendant HCA, Inc. ("HCA"), by and through undersigned counsel and pursuant to S.D. Fla. L.R. 7.1, hereby moves for an Order summarily denying Relator Thomas Bingham's Motion To Strike the Affidavit of HCA Expert Kevin McAnaney and to Exclude It From the Evidence in This Case (Dkt. No. 155) (the "Motion to Strike") because: (1) the Motion to Strike is an unauthorized filing that constitutes a blatant attempt to circumvent the Federal Rules of Civil Procedure and this Court's Local Rules regarding the 20-page limit for responses to summary judgment motions and the 10-page limit for statement of facts and impermissibly seeks to alter the briefing schedule on Defendant's Motion for Partial Summary Judgment; and (2) it is not the proper subject of a motion to strike.[1]

**I.    Relator's Motion to Strike is an Affront to the Court and Seeks to Circumvent the Summary Judgment Procedures Established by the Federal Rules of Civil Procedure and this Court's Local Rules**

By filing a 13-page Motion to Strike the evidence submitted in support of Defendant's Motion for Partial Summary Judgment one day before his anticipated response in opposition to Defendant's motion for

---

[1] Defendant does not address in this motion the merits of Relator's Motion to Strike. Should the Court decline to summarily deny Relator's Motion to Strike, HCA will respond to its merits on or before April 11, 2016 as provided by S.D. Fla. L.R. 7.1(c)(1)(A).

partial summary judgment and statement of material facts, Relator is clearly attempting to avoid the page limit for responsive papers set forth in S.D. Fla. L.R. 7.1(c) and 56.1.  Moreover, by filing its objections to Defendant's evidence in a separate "motion to strike," rather than in its statement of material facts and response in opposition to Defendant's Motion for Partial Summary Judgment as required by S.D. Fla. L.R. 56.1 and Fed. R. Civ. P. 56(c)(2), Relator purports to completely alter the briefing schedule on Defendant's Motion for Partial Summary Judgment, established by the Federal and Local Rules and this Court's Order (Dkt. No. 113) which should end with the Court's hearing scheduled for April 6, 2016.  Should Relator be allowed to bifurcate its response in this way, not only will Defendant's Motion for Partial Summary Judgment not be fully briefed by the Court's April 6, 2016 hearing, but Relator effectively will be filing a "sur-reply" to Defendant's Motion for Partial Summary Judgment through the guise of its reply in support of the Motion to Strike.

Relator's Motion to Strike is unauthorized and procedurally improper.  In denying a very similar motion to strike evidence proffered in support of a motion for summary judgment, the United States District Court for the Middle District of Florida recently explained that:

> The Court construes a motion to strike such as that brought by Relator in this case as a procedural device by which a party may try to exceed the page limits imposed by the Local Rules and the orders of the Court. … The Court's page limit requirement is not imposed to burden the parties.  It is intended to focus the parties' attention on the most pressing matters and winnow the issues to be placed before the Court, thereby conserving judicial resources.  Moreover, the page limit requirement works in conjunction with the meet and confer requirement of Local Rule 3.01(g) to encourage parties to resolve issues, such as those raised in Plaintiff's Motion to Strike, that are more appropriately addressed by counsel.  The Court will not countenance any attempt to avoid the page limit requirement of the Local Rules and the previous orders of this Court.  Thus, Plaintiff's motion is due to be denied for this reason alone.

*Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1253 (M.D. Fla. 2012) *aff'd in part*, 505 F. App'x 928 (11th Cir. 2013).  Moreover, the Advisory Committee Notes for Fed. R. Civ. P. 56 explain that "Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence… There is no need to make a

2

separate motion to strike." Fed. R. Civ. P. 56(c) advisory comm.'s note to 2010 amend.

Relator's objections to the evidence proffered by Defendant in support of its Motion for Partial Summary Judgment should only be raised in Relator's statement of material facts and Response. Fed. R. Civ. P. 56(c)(2); S.D. Fla. L.R. 56.1; *Mobile Shelter Sys. USA*, 845 F. Supp. 2d at 1253. Rather than seek leave to exceed the page limits for its Response, Relator chose instead to disregard the Federal Rules and Local Rules by filing an unauthorized and improper Motion to Strike. The Court should summarily deny the Motion to Strike on this basis alone.

II. **Objections to Evidence Proffered in Support of a Summary Judgment Motion are Not Properly Raised in a Motion to Strike**

Relator's Motion to Strike also should be denied because a motion to strike is only appropriate to challenge allegations made in a pleading, not a motion or evidence submitted in support of a motion. *See* Fed. R. Civ. P. 12(f). As the *Mobile Shelter Sys.* Court ruled:

> The Federal Rules of Civil Procedure do not authorize the relief sought in the motion. As pointed out by Defendants in their opposition paper, the Court's authority to strike is limited to pleadings, not evidence.... Put simply, a party who opposes a summary judgment motion risks waiving any evidentiary objections it may have when it fails to raise such objections in the proper form and at the proper time. For this reason alone, Plaintiff's motion is due to be denied.

*Mobile Shelter Sys. USA*, 845 F. Supp. 2d at 1252; *see also Polite v. Dougherty Cty. Sch. Sys.*, 314 F. App'x. 180, 184 fn. 7 (11th Cir. 2008) (affirming the trial court's denial of a motion to strike an affidavit proffered in support of a party's summary judgment motion and holding that "motions to strike are only appropriately addressed towards matters contained in the pleadings; here, the affidavit was submitted as part of the motion for summary judgment, which is not a pleading.") (*citing* Fed. R. Civ. P. 7(a), 12(f)); *Riviera S. Apartments, Inc. v. QBE Insurance Corp.*, No. 07-60934 CIV, 2007 WL 2506682, at *1 (S.D. Fla. Aug. 30, 2007) (summarily denying a motion to strike an exhibit submitted in opposition to a motion to dismiss/summary judgment).

Defendant took great paints to advise Relator of this specific procedural impropriety during the

3

meet and confer process. Relator purports to address this procedural issue in a single paragraph citing two cases. (Mot. to Strike at 4-5 and fn. 12 (citing *Zeichner v. USAA Cas. Ins. Co.*, 2014 U.S. Dist. LEXIS 35228 (S.D. Fla. Mar. 18, 2014) and *Martinez v. Weyerhaeuser Mort. Co.*, 959 F. Supp. 1511, 1515-16 (S.D. Fla. 1996)).) Neither Realtor's Motion to Strike nor either of Relator's citations therein discuss, address *or even acknowledge* the 2010 amendments to Rule 56 that clarify challenges to the admissibility of affidavits filed in support of motions for summary judgment.

Effective December 1, 2010, Rule 56 was amended to provide that with regard to materials filed in support of motions for summary judgment, "[a] party may *object* that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c) (emphasis added). The Committee Notes to the 2010 amendments explicitly state that "[t]here is no need to make a separate motion to strike":

> Rule 56 is revised to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts.... Subdivision (c) is new. It establishes a common procedure for several aspects of summary judgment motions synthesized from similar elements developed in the cases or found in many local rules. . . . Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence…. **There is no need to make a separate motion to strike**. *If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial.*

Fed. R. Civ. P. 56(c) advisory comm.'s note to 2010 amend. (emphasis added).

Although "[p]rior to the 2010 Amendments, the courts were … divided as to whether an improper affidavit could be challenged on a motion to strike," the issue has been resolved by the amendments to Rule 56 which provides both that motions to strike are unnecessary and that admissibility may be challenged at trial. Baicker-McKee, *Federal Civil Rules Handbook* (2012), pp.1135-1136.

Similarly, in *Mobile Shelter*, 845 F. Supp. 2d at 1253, the Court recognized that it was "clearly understood by the drafters of the revised Federal Rule of Civil Procedure 56" that "the proper method to object to evidence submitted on summary judgment is for the party opposing the motion to register its

4

objections to the movant's affidavits by way of the material submitted in opposition to the motion." *Id.* (citations omitted); *see also Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012) (holding that, prior to December 1, 2010, the proper method to attack an affidavit was by filing a motion to strike, but that under the now applicable Rule 56(c)(2), it is no longer necessary for a party to file such a motion and that party should simply object to the material); *Reed v. Austal, U.S.A., L.L.C.*, No. 08-001 55-KD-N, 2011 WL 4435562, at fn.6 (S.D. Ala. Sept. 23, 2011) (holding that "[w]ith the December 1, 2010 rules change to Rule 56, it no longer appears that motions to strike exhibits submitted on summary judgment are appropriate."); *Branch Banking and Trust Co. v. Broaderip*, No. 10-00289-KD-C, 2011 WL 3511774, at fn. 1 (S.D. Ala. Aug. 11, 2011) (same).  Relator's failure to address the amendment to Rule 56 in its motion is telling and warrants granting Defendant's motion for summary denial of the Motion to Strike.  Of the two authorities cited in Relator's Motion, one pre-dates the 2010 amendment to Rule 56, and neither addresses the procedural propriety of a motion to strike, let alone the new rule.

Thus, not only did Relator violate the Federal Rules and the Local Rules, he also chose the wrong procedural device with which to do so.  Since motions to strike are only properly addressed to matters contained in pleadings, which this clearly is not, the Motion to Strike should be denied.

### III. Conclusion

Based on the foregoing, Defendant respectfully requests that the Court summarily deny the Motion to Strike and award Defendant its reasonable attorneys' fees incurred in preparing this response.

### Local Rule 7.1.A.3 Certification

Counsel for Defendant certifies that he has conferred in good faith with counsel for Relator via email.  On March 23, counsel for Relator indicated their intent to file this Motion.  In response on the same day, counsel for Defendant stated its intent to object to such a motion as procedurally improper.  Relator has since gone ahead and filed this Motion, stating that he does not agree with HCA.

Civil Action No.: 13-23671-Civ-COOKE

| | |
|---|---|
| DATED: March 25, 2016 | Respectfully submitted, |
| /s/ Katherine A. Lauer | /s/ Martin B. Goldberg |
| Katherine A. Lauer<br>California Bar No. 138010<br>LATHAM & WATKINS LLP<br>12670 High Bluff Drive<br>San Diego, CA 92130<br>Telephone: (858) 523-5400<br>Facsimile: (858) 523-5450<br>katherine.lauer@lw.com | Martin B. Goldberg<br>Florida Bar No. 0827029<br>LASH & GOLDBERG LLP<br>100 S.E. Second Street, Suite 1200<br>Miami, Florida 33131<br>Telephone: (305) 347-4040<br>Facsimile: (305) 347-4050<br>mgoldberg@lashgoldberg.com |

*ATTORNEYS FOR DEFENDANT HCA, INC.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 25, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

By:   /s/ Greg Weintraub
Greg Weintraub

### SERVICE LIST

**Phillip E. Benson**
Warren-Benson Law Group
7825 Washington Avenue, Suite 500
Eden Prairie, MN 55439
952-955-3688
philbenson@warrenbensonlaw.com

**Jonathan Evan Kroner**
420 Lincoln Road, Suite 248
Miami Beach, FL 33139
305-310-6046
jk@floridafalseclaim.com

**Mark Alan Lavine**
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9303
305-530-7139 (fax)
mark.lavine@usdoj.gov

6

SD\1696226.3                                                                                                                   025911-0281

Civil Action No.: 13-23671-Civ-COOKE

Jill Marie Bennett
Office of Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-6536
850-414-3300
850-487-9475 (fax)
Jill.Bennett@myfloridalegal.com

James B. Helmer, Jr.
Robert M. Rice
Erin M. Campbell
Helmer, Rice & Popham, Co., L.P.A.
600 Vine Street, Suite 2704
Cincinnati, Ohio 45202
513-421-2400
jhelmer@fcalawfirm.com
rrice@fcalawfirm.com
ecampbell@fcalawfirm.com