UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 13-23671 CIV-COOKE / TORRES

United States of America
and The State of Florida, ex rel.
Thomas Bingham

    Plaintiffs,

vs.

HCA, Inc.

    Defendant.

### RELATOR BINGHAM'S MEMORANDUM IN OPPOSITION TO DEFENDANT HCA, INC.'S MOTION FOR SUMMARY DENIAL (DOC. 157) OF RELATOR'S MOTION TO STRIKE (DOC. 155)

Relator's Motion to Strike, Doc. 155, is a proper vehicle for challenging the admissibility of Kevin McAnaney's affidavit in support of HCA's Motion for Summary Judgment. HCA's "Motion for Summary Denial," Doc. 157—effectively itself a Motion to Strike with a novel caption—elevates form over substance, and should be denied.

HCA makes two arguments[1] for avoiding Relator's argument that Mr. McAnaney's affidavit should be stricken: 1) The 2010 Amendment to Fed. R. Civ. P. 56 prohibits Motions to Strike affidavits; and 2) A Motion to Strike can *never* be brought against evidence submitted in support of a motion.

---

[1] HCA also contends that, in contrast to its use of inadmissible and incompetent affidavit testimony, Relator's Motion "is an Affront to the Court" and an attempt to circumvent the page limits for Summary Judgment briefing. Doc. 157 at 1-2. But the admissibility of Mr. McAnaney's affidavit is an evidentiary issue separate from the merits of HCA's Motion for Summary Judgment. If Relator's Motion to Strike is procedurally appropriate—and it is—then there is no affront to the Court or abuse of page limitations for opposing summary judgment. HCA had a like number of pages to challenge Relator's Motion to Strike.

First, the 2010 Advisory Committee notes to Fed. R. Civ. P. 56(c)(2), which are non-binding, say "there is no need to make a separate motion to strike" inadmissible evidence. HCA argues that such language bars Motions to Strike evidence, Doc. 157 at 2-3. But this Advisory Committee observation is in no way equivalent to a *prohibition* on moving to strike an inadmissible affidavit. Indeed, "[t]he failure to [move to strike]," Wright & Miller warned before the 2010 amendment, "will result in the waiver of the objection . . . ."[2] The Advisory Committee note can therefore be read to express a relaxation of the *requirement* to file a Motion to Strike, rather than a new barrier to doing so.[3] It does not get HCA where it wants to go.

Second, HCA argues that Fed. R. Civ. P. 12(f) limits the "motion to strike" to pleadings, Doc. 157 at 3-5. There is some confusion on this issue which HCA seeks to exploit, including precedent that suggests—contrary to longstanding practice—that a Rule 12(f) motion to strike was never (or perhaps is no longer) a proper way to challenge the admissibility of evidence

---

[2]   10B Wright & Miller, Federal Practice and Procedure § 2738, at 372 (1998) (the 2015 Supplement to this section simply observes that "When Rule 56 was rewritten in 2010, the substantive requirements for affidavits set out in Rule 56(e)(1) were moved to Rule 56(c)(4). Subdivision (c) now sets out more detailed procedures on how summary judgment may be supported or disputed. The requirements themselves were not changed, although some of the other provisions were relocated elsewhere.").

[3]   *C.f. Campbell v. Shinseki*, 546 F. App'x 874, 879 (11th Cir. 2013) ("*See* Rule 56, advisory committee's note to 2010 amendments ('There is no need to file a separate motion to strike.') The plain meaning of these provisions show that objecting to the admissibility of evidence supporting a summary judgment motion is now a part of summary judgment procedure, rather than a separate motion to be handled preliminarily.") (citing *Cutting Underwater Technologies USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012) ("[I]t is no longer necessary for a party to file such a motion; instead, a party may simply object to the material.")).
   Even if the 2010 Amendment to Rule 56 can be read to *prohibit* a separate Motion to Strike, this Court is free to construe, and consider, Relator's Motion as an objection pursuant to Rule 56(c)(2). *See, e.g.*, *Xingzhong Shi v. Ala. A&M Univ.*, No. 5:13-cv-00327-JHE, 2015 U.S. Dist. LEXIS 130012, at *2 n.2 (N.D. Ala. Sep. 28, 2015) ("Defendants' second motion to strike, (doc. 115), is construed as objections to Shi's evidentiary submissions and will be addressed to the extent they are relevant to the evidentiary analysis below.") (citing *Campbell v. Shinseki*, 546 Fed. App'x at 879).

submitted in support of summary judgment. *See id.* at 3-5 (citing cases). But even that authority is hardly dispositive.

Relator's motion is not brought pursuant to Rule 12(f). Rather, it is a motion for relief grounded in Fed. R. Civ. P. 7(b) ("A request for a Court Order must be made by motion") and 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence"). And precedent (as well as practice) concerning moving to strike affidavits is easy to find.

The Southern District of Florida analyzing 11th Circuit precedent has noted the inconsistency in the case law. There is a distinction between motions to strike that pertain like Relator's to evidentiary matters, and those that do not:

> As one district court recently observed: "The Eleventh Circuit cases considering motions to strike are not entirely clear." *Morris v. Precoat Metals*, No. 2:11-cv-0053-SLB, 2013 U.S. Dist. LEXIS 29509, 2013 WL 830868, at *2 n.3 (N.D. Ala. Mar. 4, 2013). The *Morris* Court explained:
>> On the one hand, when referring to a motion to strike an affidavit submitted in support of a motion for summary judgment, **the court has noted in a footnote that "motions to strike are only appropriately addressed towards matters contained in the pleadings**. . . ." *Polite v. Dougherty Cnty. Sch. Sys.*, 314 F. App'x 180, 184 n.4 7 (11th Cir. 2008). **On the other, it has routinely affirmed district court rulings considering motions to strike**. *See, e.g., Saunders v. Emory Healthcare, Inc.*, 360 F. App'x 110, 112-13 (11th Cir. 2010) (affirming district court's partial grant of motion to strike unauthenticated evidence attached to summary judgment response); *Reese v. Herbert*, 527 F.3d 1253, 1265, 1274 (11th Cir. 2008) (affirming district court's grant of motion to strike affidavit, but referring to it as the "decision to exclude [the] [7] affidavit" and "the disallowance" of the affidavit); *Barron v Fed. Reserve Bank of Atlanta*, 129 F. App'x 512, 519-20 (11th Cir. 2005) (reviewing district court's denial of motion to strike evidence based on other grounds and concluding that "it did not abuse its discretion indenying the motion to strike"); *see also Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1170-71 (11th Cir. 2006) (entertaining but denying motion to strike evidence for other reasons). **Accordingly, it appears that the Eleventh Circuit generally permits motions to strike documents other than just pleadings, so long as it is an evidentiary matter.**
> *Id.* Defendant here, however, is not attempting to strike a motion to compel that pertains to any evidentiary matter.

3

*Keira v. Berry*, No. 13-60990, 2013 U.S. Dist. LEXIS 138431, at *5-7 n.2 (S.D. Fla. Sep. 26, 2013) (quoting *Morris*, 2013 WL 830868, at *2 n.3) (emphasis added). Similarly, Relator's motion to strike the affidavit of Mr. McAnaney proffered by HCA in support of its Motion for Summary Judgment is an evidentiary matter.

Thus, while 11th Circuit precedent is not always consistent, the practice is more clear and should guide this Court. District Courts in the 11th Circuit have long been, and continue to be, free to consider motions to strike affidavits like Mr. McAnaney's that violate Fed. R. Civ. P. 56. *See, e.g.*, *Zeichner v. USAA Cas. Ins. Co.*, 2014 U.S. Dist. LEXIS 35228 (S.D. Fla. Mar. 18, 2014); *Martinez v. Weyerhaeuser Mort. Co.*, 959 F. Supp. 1511, 1515-16 (S.D. Fla. 1996). *See also Madura v. BAC Home Loans Servicing, LP*, 593 F. App'x 834, 839-40, 47-48 (11th Cir. 2014) (District Court did not abuse its discretion in striking, pursuant to *Daubert*, expert reports attached in support of motion for partial summary judgment). This Court is empowered to do the same. [4]

HCA makes no effort to defend the McAnaney affidavit as somehow presenting admissible evidence or that the affiant is somehow competent to testify about unknown, unidentified persons' reasonable understanding. Instead, HCA apparently believes it is entitled to file a second opposition to Relator' Motion to Strike in violation of the Local Rule 7.1(c), which

---

[4] Another approach is found in *Sanders v. Benjamin Moore & Co., Paints*, Civil Action No. 4:11-cv-0397-JEO, 2015 U.S. Dist. LEXIS 41654 (N.D. Ala. Mar. 31, 2015):

> In any event, Federal Rule of Civil Procedure 56 provides: "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Thus, "[a]lthough the form of the [motion to strike] is not grounded in a federal procedural rule, the substance of the motion[] will be considered." *Stuckey v. Alabama Bd. of Pardons and Paroles*, 2:11-cv-112-WKW, 2012 U.S. Dist. LEXIS 121307, 2012 WL 3670644, *1 n.2 (M.D. Ala. Aug. 27, 2012). Accordingly, Benjamin Moore's Motion to Strike is due to be denied; however, the court will consider the substance of the motion in deciding the Motion for Summary Judgment.

*Id.* at *108-09.

references a single "opposing memorandum." Instead of responding to the many shortcomings of affiant McAnaney, HCA prefers to discuss non-binding Rule commentary and ignore the precedent of cases decided by this Court.

Relator's Motion to Strike the McAnaney affidavit is supported by authority from this Court, is a routine and accepted way to challenge evidence submitted in support of a Motion for Summary Judgment—even after the 2010 Amendments to Fed. R. Civ. P. 56. This Court is free to, and should, grant Relator's Motion to Strike on its merits.

Respectfully submitted,

/s/ Jonathan Kroner
Jonathan Kroner
FBN 328677
Jonathan Kroner Law Office
420 Lincoln Road, Suite 248
Miami Beach, Florida 33139-3031
305.310.6046
jk@FloridaFalseClaim.com

Phillip E. Benson
MN 0394772
Warren Benson Law Group
12800 Whitewater Drive, Suite 100
Minnetonka, MN 55343
952.955.3688
PhilBenson@warrenbensonlaw.com

James B. Helmer, Jr.
Robert M. Rice
Erin M. Campbell
*Pro hac vice*
Helmer, Martins, Rice &
Popham, Co., L.P.A.
600 Vine Street, Ste. 2704
Cincinnati, Ohio 45202
jhelmer@fcalawfirm.com
rrice@fcalawfirm.com
ecampbell@fcalawfirm.com

*Attorneys for Qui Tam Plaintiff Thomas Bingham*

**CERTIFICATE OF SERVICE**

I certify that on the date stamped above I electronically filed this document with the Clerk of the Court using CM/ECF to be served on all counsel of record.

/s/ Jonathan Kroner