U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

U.S. of America and the State of Florida *ex rel.*
Thomas Bingham,

        Plaintiffs,

   v.

HCA, Inc.,

        Defendant.

Civil Action No.: 13-23671-Civ-COOKE

**DEFENDANT HCA'S REPLY IN SUPPORT OF OMNIBUS MOTION TO DISMISS AVENTURA-BASED ALLEGATIONS AND STRIKE IMPERMISSIBLE FACTS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

TABLE OF CONTENTS

Page

ARGUMENT ................................................................................................................................. 1

I. Relator Is Not Permitted To Use Information Learned Through Discovery To Cure His Pleading Deficiencies ............................................................................................................ 1

II. Relator's Allegations Should Be Dismissed Under The Public Disclosure Bar ................. 4

III. Relator's SAC Fails To State A Claim ................................................................................ 7

    A. Relator's Allegations Are Contradicted By The Exhibits Attached To The SAC .................. 7

    B. Relator Fails To Allege A Stark Law Violation ..................................................... 8

        1. The SAC Fails To Establish An Indirect Compensation Arrangement .................... 8

        2. The SAC Fails To Establish A Direct Compensation Arrangement ........................ 8

    C. Relator Fails To Allege An Anti-Kickback Statute Violation ................................................. 9

    D. Relator Fails To Allege Claims Were Knowingly Submitted In Violation Of The FCA ........ 10

IV. Any Claims Made Prior To October 10, 2007 Are Barred By The Statute Of Limitations ................ 10

V. CONCLUSION .................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*U.S. ex rel. Atkins v. McInteer,*
   470 F.3d 1350 (11th Cir. 2006) ............................................................................................ 2

*U.S. ex rel. Clausen v. Lab Corp. of Am., Inc.,*
   290 F.3d 1301 (11th Cir. 2002) ......................................................................................... 1, 2

*U.S. ex rel. Feingold v. AdminaStar Fed., Inc.,*
   324 F.3d 492 (7th Cir. 2003) ................................................................................................ 4

*Friedlander v. Nims,*
   755 F.2d 810 (11th Cir. 1985) ............................................................................................... 1

*Griffin Indus., Inc. v. Irvin,*
   496 F.3d 1189 (11th Cir. 2007) ............................................................................................ 7

*U.S. ex rel. Harris v. Lockheed Martin Corp.,*
   905 F. Supp. 2d 1343 (N.D. Ga. 2012) .............................................................................. 10

*U.S. ex rel. Keeler v. Eisai, Inc.,*
   2013 U.S. Dist. LEXIS 188930 (S.D. Fla. 2013) .................................................................. 3

*U.S. ex rel. Keeler v. Eisai, Inc.,*
   2013 U.S. Dist. LEXIS 188931 (S.D. Fla. 2013), *aff'd*, 568 Fed. App'x 783 (11th Cir.
   2013) ................................................................................................................................. 1, 3

*U.S. ex rel. Knapp v. Calibre Sys.,*
   2012 U.S. Dist. LEXIS 63456 (C.D. Cal. May 4, 2012) ................................................... 3, 4

*Lawrence v. Dunbar,*
   919 F.2d 1525 (11th Cir. 1990) ............................................................................................ 4

*U.S. ex rel. Morgan v. Express Scripts, Inc.,*
   602 Fed. App'x. 880 (3d Cir. 2015) ...................................................................................... 6

*U.S. ex rel. Osheroff v. Humana, Inc.,*
   2013 U.S. Dist. LEXIS 13259 (S.D. Fla. Jan. 31, 2013) ...................................................... 4

*U.S. ex rel. Osheroff v. Tenet,*
   2012 WL 2871264 (S.D. Fla. July 12, 2012) ....................................................................... 9

*Porter v. Collecto, Inc.*,
    2014 U.S. Dist. LEXIS 79424 (S.D. Fla. June 11, 2014) ................................................................ 5

*U.S. ex rel. Rosales v. S.F. Hous. Auth.*,
    173 F. Supp. 2d 987 (N.D. Cal. 2001) .......................................................................................... 6

*U.S. ex rel. Sanders v. N. Am. Bus Indus., Inc.*,
    546 F.3d 288 (4th Cir. 2008) ...................................................................................................... 10

*Sec. Life of Denver Ins. Co. v. Shah*,
    906 F. Supp. 2d 1334 (S.D. Ga. 2012) ......................................................................................... 5

*U.S. ex rel. Settlemire v. District of Columbia*,
    198 F.3d 913 (D.C. Cir. 1999) ..................................................................................................... 6

*U.S. ex rel. Shea v. Verizon Communs., Inc.*,
    2015 U.S. Dist. LEXIS 164617 (D.D.C. Oct. 6, 2015) ................................................................ 6

*U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Prudential Ins. Co.*,
    944 F.2d 1149 (3d Cir. 1991) ....................................................................................................... 6

*U.S. v. Omnicare, Inc.*,
    2013 U.S. Dist. LEXIS 75696 (N.D. Ga. May 17, 2013) ............................................................. 3

*U.S. v. Rogan*,
    459 F. Supp. 2d 692 (N.D. 2006), *aff'd*, 517 F.3d 449 (7th Cir. 2008) ..................................... 10

## STATUTES

31 U.S.C. § 3730(e)(4) .......................................................................................................................... 5

31 U.S.C. § 3731(b)(1) ........................................................................................................................ 10

## RULES

Fed. R. Civ. P. 9(b) ...................................................................................................................... *passim*

Local Rule 7.1(c)(2) .............................................................................................................................. 5

## REGULATIONS

42 C.F.R. § 411.354(c)(2) ..................................................................................................................... 8

The law is crystal clear—Relator cannot use information he learned in discovery to save his otherwise deficient First Amended Complaint ("FAC"). Yet, that is precisely what Relator has attempted to do here. Relator does not dispute that his Second Amended Complaint ("SAC") is chock full of references to deposition testimony and documents produced by HCA and third parties in this litigation. Nor does he say that he could properly plead a claim even without the information he learned exclusively through discovery. Instead, the crux of Relator's Opposition is that because this Court allowed discovery to proceed during the pendency of HCA's motion to dismiss, he is now allowed to use that discovery to cure his pleading deficiencies. Relator's position attempts to transform the denial of a request to stay discovery (Dkt. 34) into a ruling casting aside the requirements of Rule 9(b) and overturning Eleventh Circuit precedent. It must be rejected. And even if Relator were permitted to use discovery (which he is not), the SAC still fails to plead a violation of the False Claims Act ("FCA"), Stark Law, or Anti-Kickback Statute ("AKS"). Moreover, Relator's claims are barred by prior public disclosures and the statute of limitations. At bottom, Relator has not and cannot state a claim, despite being given multiple opportunities to do so. HCA's Motion to Dismiss should be granted with prejudice.

## ARGUMENT

### I. Relator Is Not Permitted To Use Information Learned Through Discovery To Cure His Pleading Deficiencies

For more than thirty years, the Eleventh Circuit has recognized that the clear intent of Federal Rule of Civil Procedure 9(b) is to "eliminate fraud actions in which all of the facts are learned through discovery after the complaint is filed." *Friedlander v. Nims*, 755 F.2d 810, 813 n.3 (11th Cir. 1985). This touchstone of Rule 9(b) is particularly salient in cases involving the FCA. *See U.S. ex rel. Clausen v. Lab Corp. of Am., Inc.*, 290 F.3d 1301, 1313–14 n.24 (11th Cir. 2002); *see also U.S. ex rel. Keeler v. Eisai, Inc.*, No. 09-22302-CV-WILLIAMS, 2013 U.S. Dist. LEXIS 188931, at *53 n.23 (S.D. Fla. 2013), *aff'd*, 568 Fed. App'x 783 (11th Cir. 2013).

*Clausen* and its progeny make plain that Relator is not permitted to use information learned through discovery to cure his pleading deficiencies.[1] Contrary to Relator's suggestion, the Eleventh Circuit addressed this precise point three times in *Clausen*. First, in upholding the district court's decision, the Court cited with approval the district court's conclusion that "the particularity requirement of Rule 9 is a nullity if Plaintiff gets a ticket to the discovery process" without first satisfying Rule 9(b). *Id.* at 1307, 1312–15; *see also U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th Cir. 2006) (same). Second, the Court noted that one of the purposes of Rule 9(b) is to protect defendants from frivolous suits and that, especially in cases involving the FCA, when a "plaintiff does not specifically plead the minimum elements of their allegation, it enables them to learn the complaint's bare essentials through discovery." *Clausen*, 290 F.3d at 1313 n.24. Third, the Court refused to grant the relator any leniency under Rule 9(b), or allow him access to discovery, simply because it might be more difficult for him to obtain the documents necessary to allege the FCA scheme. *Id.* at 1314. Here, Relator similarly requests leniency[2], asking this Court to contort established law to give him special permission to use discovery to overcome Rule 9(b)'s pleading hurdle. This request flies in the face of well-established Eleventh Circuit precedent and must not be permitted.

In a frail attempt to distinguish this binding precedent, Relator argues that *Clausen* should be summarily disregarded because it involved a situation in which the complaint was dismissed for failure to comply with Rule 9(b) *before* discovery had commenced.[3] (Opp. at 5.) This is a distinction without a difference. The fact that this Court permitted discovery to commence before it ruled on HCA's motion to

---

[1] Notably, Relator does not deny that he has used information learned solely through discovery in this matter in an attempt to cure his deficient FCA complaint.

[2] Relator's request for leniency is even less persuasive than the request made in *Clausen*. Relator is a self-proclaimed insider, whereas the relator in *Clausen* was an outsider with less access to information. (*Compare* SAC ¶ 14 *with Clausen*, 290 F.3d 1301 at 1314.)

[3] Relator's contention that "HCA cites to no case holding that a party cannot amend its pleadings based upon evidence learned in discovery" is patently false. (Opp. at 6.) HCA cited to no less than *nine* cases that support the proposition that in an FCA case a relator cannot satisfy Rule 9(b) by using information learned through discovery. Notably, Relator addressed only one of those cases—*Clausen*. (*Compare* Mot. at 5–6 (citing cases) *with* Opp. at 5 n.4 (addressing *Clausen*).)

2

dismiss (Dkt. 34) is not an open invitation for Relator to use the information he obtained during discovery to cure his woefully inadequate FAC.  That is not the law.  Nor could it be.  Adopting Relator's position would lead to the untenable conclusion that despite the unequivocal holdings of cases in this Circuit and others (*see* Mot. at 5–6), relators would have free reign to cure deficient pleadings through the discovery process when courts allow discovery to proceed during the pendency of a motion to dismiss.

In *Keeler*, Judge Williams rejected the argument Relator makes here.  *U.S. ex rel. Keeler v. Eisai, Inc.*, No. 09-22302-CV-WILLIAMS, 2013 U.S. Dist. LEXIS 188930 (S.D. Fla. 2013).  The court dismissed relator's FCA complaint with prejudice for failure to comply with Rule 9(b)—a holding later affirmed by the Eleventh Circuit.  *Keeler*, 2013 U.S. Dist. LEXIS 188931, *aff'd*, 568 Fed. Appx. at 784.  The relator then moved for leave to file an amended complaint based on new evidence obtained through discovery.  *Id.* at *3.  The court denied the motion, finding that allowing relator "to use documents obtained in discovery to overcome pleading hurdles would circumvent the purpose of Rule 9(b)." *Id.* at *4.  Relator's request that this Court rewrite the law and allow him to use discovery must be denied for the reasons set forth in *Keeler*.

Next, Relator wrongly relies on a footnote in *U.S. v. Omnicare, Inc.*, No. 1:11-cv-962-WSD, 2013 U.S. Dist. LEXIS 75696 (N.D. Ga. May 17, 2013).  The *Omnicare* court made clear that it was not a case of a relator attempting to use discovery to overcome a Rule 9(b) challenge.  *Id.* at *17–18 n.9.  Rather, the court found that the relator was simply using discovery to "bolster" its allegations—which led to the conclusion that Rule 9(b) was satisfied notwithstanding the use of discovery.  *Id.*  Notably, Relator omits the final part of the court's footnote, in which it specifically emphasized that it was "not adopt[ing] a general rule that information learned in discovery in an action may be used to later seek to avoid dismissal for failure to meet the particularity requirements of Rule 9(b)."  *Id.*  In light of this unambiguous language, Relator's reliance on *Omnicare* is both misguided and misleading.[4]

---

[4] Relator's reliance on *U.S. ex rel. Knapp v. Calibre Sys.*, No. 2:10-cv-4466-ODW(JCGx), 2012 U.S. Dist. LEXIS 63456 (C.D. Cal. May 4, 2012) also misses the mark.  In that case the relator moved to amend her

3

Relator has not and cannot dispute the binding precedent of this Circuit which does not permit relators in FCA cases to surmount Rule 9(b)'s pleading hurdle by using information obtained through discovery. Because Relator is unable to cure his pleading defects without impermissibly using information learned in discovery, his SAC should be dismissed with prejudice.[5]

## II.     Relator's Allegations Should Be Dismissed Under The Public Disclosure Bar

Relator's Aventura allegations should be dismissed under the Public Disclosure Bar because they have already been publicly disclosed through a series of recorded real estate documents and Relator's prior *qui tam* action.[6]

Relator does not dispute that these documents fall within one of the statutorily enumerated sources that can form the basis of a public disclosure.[7]  Instead, Relator contends that because none of the publicly recorded real estate documents explicitly detail all of HCA's alleged wrongdoing they cannot be public disclosures.   Relator is wrong.   It is not necessary that these documents "definitely establish that Defendants in fact 'committed fraud' or that there was an 'illegal purpose' to Defendants' activities." *U.S. ex rel. Osheroff v. Humana, Inc.*, No. 10-24486-cv-SCOLA, 2013 U.S. Dist. LEXIS 13259, at *10 (S.D. Fla. Jan. 31, 2013).   Rather, a "public disclosure" exists within the meaning of the FCA "when the critical elements exposing the transaction as fraudulent are placed in the public domain." *U.S. ex rel. Feingold v.*

---

complaint.  The court granted leave to amend, permitting the relator to "add information learned through discovery to *clarify her claims*," *id*. at *3 (emphasis added), but did not hold that she could use discovery to meet the Rule 9(b) requirements.  In fact, there was no Rule 9(b) challenge to the proposed amended complaint at issue.  The cases Relator cites in footnote 6 are unavailing for the same reasons—they are decisions on motions for leave to amend that do not involve FCA claims and Rule 9(b). (Opp. at 6 n.6.)
[5] The Court should additionally strike all of the information in the SAC that Relator learned through discovery. (Mot. at 4–5.)
[6] The Court may consider extrinsic evidence on a factual jurisdictional challenge under Rule 12(b)(1). *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).
[7] Relator notes that after the 2010 amendment to the Public Disclosure Bar, the real estate documents no longer qualify as public disclosures. (Opp. at 8–9.)  HCA explained this change in its opening brief. (Mot. at 9.)  But the 2010 amendment does not save the claims submitted *prior* to the rule change from being barred.  Moreover, as explained further herein, HCA is not simply relying on the real estate records filed with the county clerk to support its Public Disclosure Bar defense.  To the contrary, Relator's prior *qui tam* action also constitutes a public disclosure under both the former and current rule. (*See infra* at 5–6.)

*AdminaStar Fed., Inc.*, 324 F.3d 492, 495 (7th Cir. 2003).  When the recorded documents are viewed together with Relator's prior complaint—rather than in "isolation" as Relator suggests (Opp. at 9–10)—they expose the critical elements of the transactions that Relator alleges are problematic within the context of the alleged overarching scheme.[8]  *See, e.g.*, Ex. 1 (memorandum describing ground lease); SAC at Ex. 12 (declaration describing the parking easement); Dkt. 44 at Ex. 7 (Non-Exclusive Cross Parking Agreement; same); Opp Ex. 3 at 36–38 (response to interrogatory requesting the source of Relator's "discovery of the 'scheme'," listing nearly 50 publicly recorded documents).[9]  Relator's contention that the SAC would state a claim even if the references to the publicly recorded documents were removed misses the point.  (Opp. at 10.)  The Public Disclosure Bar seeks to preclude any claim that is based on (pre-2010 amendments) or is substantially the same as (post-2010 amendments) a public disclosure, regardless of whether the publicly disclosed document is cited in relator's complaint or not.  31 U.S.C. § 3730(e)(4).

Relator next claims that, for the reasons set forth in his Motion for Partial Summary Judgment (Dkt. 119), his prior *qui tam* case is not a public disclosure because it "disclose[s] nothing about HCA's scheme at Aventura."[10]  (Opp. at 12.)  To the contrary, Relator has repeatedly taken the position that Aventura is all part of the same general scheme alleged in the prior litigation involving Largo, including when trying to convince this Court to allow nationwide discovery.  (*See* Mot. at 9–10.)  In both cases, Relator alleged that HCA orchestrated a scheme using the Greenfield Group—which ground leased the footprint of a to-be-constructed medical office building for a term of 99-years at a below fair market value rate—as a conduit to

---

[8] For example, Relator's parking claims are based almost exclusively on the two publicly recorded easement documents.  (SAC ¶¶ 184–85.)
[9] *See also* SAC at ¶¶ 145 n.39, 185 n.48, 238 n.63, 312 (describing recorded real estate documents).
[10] Any arguments not specifically contained within Relator's opposition brief should be disregarded.  *See Porter v. Collecto, Inc.*, No. 14-21270-CIV-MORENO, 2014 U.S. Dist. LEXIS 79424, at *5 (S.D. Fla. June 11, 2014) (rejecting opposition brief that incorporated by reference arguments made in unrelated filings); *see also Sec. Life of Denver Ins. Co. v. Shah*, 906 F. Supp. 2d 1334, 1338 n.1 (S.D. Ga. 2012) ("Any filing shall not incorporate by reference or adoption any prior docket entries. Any filing must be a stand-alone brief that independently contains all the factual allegations and arguments that the filing party wishes the Court to consider.").  Relator's attempt to "incorporate by reference" arguments made in other filings is a blatant attempt to circumvent the page limitations set forth in Local Rule 7.1(c)(2).

pass kickbacks and financial benefits to physicians in exchange for their referrals to HCA hospitals, in violation of the Stark Law and the AKS. (*Compare* Dkt. 104 ¶¶ 108–145 *with* Dkt. 119-2 at ¶¶ 51–64.)

For the purposes of the Public Disclosure Bar, it is immaterial that the prior lawsuit did not specifically mention Aventura. The public disclosure need not "precisely mirror the allegations" made in the current action in order to qualify as a public disclosure. *See, e.g., U.S. ex rel. Rosales v. S.F. Hous. Auth.*, 173 F. Supp. 2d 987, 995 (N.D. Cal. 2001). It is enough that the "general practice has already been publicly disclosed." *U.S. ex rel. Settlemire v. District of Columbia*, 198 F.3d 913, 919 (D.C. Cir. 1999). Here, the parties are the same (HCA and Greenfield), the transaction structure is the same (99-year ground lease), and the allegations are the same (alleged Stark Law and AKS violations related to below fair market value leases and the provision of "free" parking in parking structures). (Opp. Ex. 3 at 11.) The prior lawsuit together with the publicly recorded documents are prior public disclosures of Relator's claims.[11]

Relator claims that even if the above-mentioned documents constitute public disclosures he is nevertheless protected from the reach of the Public Disclosure Bar because he qualifies as an original source. The only specific fact that Relator points to not learned through publicly-disclosed documents and/or information obtained through discovery is the rental rates quoted for the space leases in the Aventura Heart and Health Building ("AHHB").[12] (Opp. at 13–14.) To support that contention, Relator cites his deposition testimony. (*Id.*) But while that testimony indicates that Relator used the AHHB as a comparable property in one of his studies, it does not indicate that he had any direct knowledge of the specific rental rates actually contained in the leases at issue; rather, he had a colleague call the landlord and pretend to be interested in leasing space to see what

---

[11] Relator's reliance on *Shea* does not change this result. In *U.S. ex rel. Shea v. Verizon Communs., Inc.*, No. 09-1050 (GK), 2015 U.S. Dist. LEXIS 164617 (D.D.C. Oct. 6, 2015), the court found that the prior case could not have been a public disclosure because the complaint in the prior case did not become unsealed until 3 years *after* the original complaint was filed in the current litigation. *Id.* at *25.

[12] Relator's general allegations that he used his "pre-existing knowledge" and "experience in the field" and reviewed "[t]he Declaration … filed with Miami-Dade County" to "piece[] together the scheme" (Opp. at 14–15) are insufficient to qualify him as an "original source." *U.S. ex rel. Morgan v. Express Scripts, Inc.*, 602 Fed. App'x. 880, 883 (3d Cir. 2015) ("The mere fact that [Relator] quantified the [publicly-disclosed information] does not remove his allegations from the public disclosure realm."); *see also U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Prudential Ins. Co.*, 944 F.2d 1149, 1160 (3d Cir. 1991) (relator must possess substantive information, rather than merely background information).

rates Greenfield was quoting. (See Opp. Ex. 2 at 177:3–12, 178:4–19.) Moreover, the SAC does not even contain that information—it appears that the rental rate information cited therein comes solely from documents produced in discovery. (SAC ¶¶ 112–119, 123.) Because Relator's allegations are based on public disclosures, and he is not an original source, the SAC should be dismissed under the Public Disclosure Bar.

### III.  Relator's SAC Fails To State A Claim

Even if the Court were to permit Relator to re-plead his Aventura allegations using information learned through discovery, Relator's SAC still does not state a claim upon which relief can be granted.

#### A.  Relator's Allegations Are Contradicted By The Exhibits Attached To The SAC

Relator's most significant allegations—those concerning the link between Greenfield and the physicians—are wholly contradicted by the deposition testimony attached to the SAC. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) (holding that exhibits control over contradictory allegations).

Contrary to Relator's allegation that HCA executives Messrs. Schubert and Carbone were involved in leasing of space in the AHHB (SAC ¶¶ 112, 113, 124), REDACTED

And, in direct contravention of Relator's "inference" that RTH shared its profits with alleged physician owners (SAC ¶ 162), Mr. Greenfield has *twice* testified REDACTED .[13] (SAC Ex. 7 at 52:3–12; Dkt. 79-2 at 4.) If Relator is permitted to rely on

---

[13] Relator's attempt to retreat from this allegation rings hollow REDACTED but then reveals his intent to resurrect this claim at a later date. (Opp. at 18 n.35.)

7

discovery, his allegations cannot contradict the very documents upon which he relies.

### B. Relator Fails To Allege A Stark Law Violation

#### 1. *The SAC Fails To Establish An Indirect Compensation Arrangement*

The SAC fails to establish an indirect compensation arrangement (42 C.F.R. § 411.354(c)(2)) resulting from the rates or terms of the space leases at the AHHB. (*See* Mot. at 14.) Specifically, the SAC does not plausibly allege that the rental rates or TI allowances varied with or took into account the volume or value of referrals to HCA. The cited facts and attached exhibits demonstrate the opposite. (Mot. at 14–15.)

REDACTED

Relator simply responds that he "did so plead," summarily dismissing the litany of issues pointed out by HCA. (Opp. at 16.) Relator's response only serves to highlight his inability to state a claim—he cannot identify how any lease varied with or took into account the volume or value of referrals sufficient to plead a financial arrangement under Stark.

#### 2. *The SAC Fails To Establish A Direct Compensation Arrangement*

Relator claims that he adequately pled a direct compensation arrangement between HCA and the physician tenants. (Opp. at 16.) Not so. Each of the types of compensation allegedly received by the physician tenants (parking, common area maintenance ("CAM"), and use permissions) was procured as a result of the leases with RTH—not HCA. The non-exclusive cross parking agreement provides parking privileges to the "tenants" of the AHHB (Dkt. 44-7)—but the physicians have no rights under that agreement unless and until they actually become tenants through their leases with RTH. Similarly, CAM charges flow through the lease—the physicians are only obligated to pay CAM fees as a condition of their leases with RTH. The same goes for use restriction waivers. Even if HCA had agreed that a particular lease could include a use that was otherwise not permitted under HCA's arrangement with RTH, the tenants' right to

use the space at all is derived from their leases, not through any arrangement with HCA. Without RTH as the intervening entity, the physicians could not possibly have the parking rights, CAM obligations, or use permissions that Relator alleges form the basis of a Stark Law violation. As such, the SAC does not plausibly allege a direct financial arrangement under Stark.

### C. Relator Fails To Allege An Anti-Kickback Statute Violation

The SAC likewise fails to establish an AKS violation. (*See* Mot. at 16.) Specifically, Relator has failed to allege an AKS violation resulting from any of the following: (1) an equity or profit-sharing interest, (2) parking rights, or (3) low rents and high tenant improvement allowances. (Mot. at 16–17.) Relator does not respond to any of these points. Rather, Relator once again rashly concludes that he "has more than adequately alleged that HCA offered prohibited remuneration in a money-losing agreement to induce referrals from physician tenants." (Opp. at 19.) Attorney argument does not equal a properly pled claim.

The SAC does not establish an AKS violation for the additional reason that it is utterly devoid of any allegation that HCA intended to induce referrals or that it knowingly and willfully violated the statute. (Mot. at 17–19.) At base, the SAC does not allege that any physician was actually induced to refer a patient against his clinical judgment. Nor does it allege that any physician was ever told he had a below-fair market value lease, that referrals were a condition of any lease arrangement, that physicians were pressured to refer in exchange for any lease term or that it was ever suggested to any physician that future leases would be on less favorable terms in the physician failed to refer. *See U.S. ex rel. Osheroff v. Tenet*, No. 09-22253-CIV, 2012 WL 2871264, at *8 (S.D. Fla. July 12, 2012) (granting motion to dismiss). In response, Relator merely points back to several paragraphs in the SAC. General allegations that do no more than regurgitate the statutory language do not rise to the level of particularity required under Rule 9(b). (SAC ¶¶ 317–318, 322.) Similarly, Relator's bald conjecture that the Aventura transactions only make "commercial sense … with consideration of potential services referrals" is inadequate. (SAC ¶¶ 155–56).) And, Relator's citations to the deposition testimony of Messrs. Schubert and Carbone are both

9

misleading and insufficient to plead an intent to induce referrals. (SAC ¶¶ 158–59); *see also U.S. v. Rogan*, 459 F. Supp. 2d 692, 714 (N.D. 2006) ("[A] hope, expectation or belief that referrals may ensue from remuneration for legitimate services is not a violation of the [AKS]."), *aff'd*, 517 F.3d 449 (7th Cir. 2008). Lastly, an email noting that REDACTED neither indicates that the rates fell below the fair market value range nor that HCA knew that they did so. (SAC ¶ 113.)

### D. Relator Fails To Allege Claims Were Knowingly Submitted In Violation Of The FCA

Lastly, the SAC fails to plead that HCA *knowingly* submitted any false claims. Relator's rejoinder that it need not submit sample false claims in order to plead an FCA violation misses the point entirely. (Opp. at 20.) HCA explained as much in its opening brief—"[i]n the absence of identifying specific [false claims] …, the Eleventh Circuit requires 'some indicia of reliability' to support" an FCA claim. (Mot. at 19.) Here, Relator has *neither* identified specific false claims that HCA knowingly submitted (*id.* (citing SAC Ex. 14)) *nor* proffered any facts sufficient to meet the "indicia of reliability" requirement. Because Relator has failed to plead this vital element, his Aventura claims must be dismissed.

## IV. Any Claims Made Prior To October 10, 2007 Are Barred By The Statute Of Limitations

FCA cases where the government has not intervened are barred if brought "more than 6 years after the date on which the violation … is committed." 31 U.S.C. § 3731(b)(1). The three year tolling provision is not available in non-intervened cases.[14] *See, e.g.*, *U.S. ex rel. Sanders v. N. Am. Bus Indus., Inc.*, 546 F.3d 288, 294 (4th Cir. 2008); *U.S. ex rel. Harris v. Lockheed Martin Corp.*, 905 F. Supp. 2d 1343, 1356 (N.D. Ga. 2012). Any alleged FCA violations that occurred before October 10, 2007 are barred by the 6-year statute of limitations.

## V. CONCLUSION

For the foregoing reasons, HCA respectfully requests that the Court dismiss Relator's Aventura-based allegations in their entirety, with prejudice, and strike all facts learned via discovery from the SAC.

---

[14] Relator simply disagrees and "incorporates by reference" arguments made in an unrelated filing (Dkt. 119). This is improper and should be rejected. *See supra* at 5 n.10.

DATED:  April 14, 2016                                         Respectfully submitted,

/s/ Katherine A. Lauer                                          /s/ Martin B. Goldberg

Katherine A. Lauer                                              Martin B. Goldberg
California Bar No. 138010                                       Florida Bar No. 0827029
LATHAM & WATKINS LLP                                            LASH & GOLDBERG LLP
12670 High Bluff Drive                                          100 S.E. Second Street, Suite 1200
San Diego, CA 92130                                             Miami, Florida 33131
Telephone: (858) 523-5400                                       Telephone: (305) 347-4040
Facsimile: (858) 523-5450                                       Facsimile: (305) 347-4050
katherine.lauer@lw.com                                          mgoldberg@lashgoldberg.com

*ATTORNEYS FOR DEFENDANT HCA, INC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 14, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

By:    /s/ Greg J. Weintraub
       Greg J. Weintraub

## SERVICE LIST

**Phillip E. Benson**
Warren | Benson Law Group
12800 Whitewater Drive, Suite 100
Minnetonka, MN 55343
952-955-3688
philbenson@warrenbensonlaw.com

**Jonathan Evan Kroner**
420 Lincoln Road, Suite 248
Miami Beach, FL 33139
305-310-6046
jk@floridafalseclaim.com

**James B. Helmer, Jr.**
**Robert M. Rice**
**Erin M. Campbell**
Helmer, Martins, Rice & Popham, Co., L.P.A.
600 Vine Street, Ste. 2704
Cincinnati, Ohio 45202
jhelmer@fcalawfirm.com
rrice@fcalawfirm.com
ecampbell@fcalawfirm.com

**Mark Alan Lavine**
U.S. Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9303
305-530-7139 (fax)
mark.lavine@usdoj.gov

**Jill Marie Bennett**
Office of Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-6536
850-414-3300
850-487-9475 (fax)
Jill.Bennett@myfloridalegal.com